IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRANDY CHASE**, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) CASE NO. _____ ) ) |
| v. | ) **COLLECTIVE AND CLASS ACTION** ) **COMPLAINT** |
| **VIAQUEST RESIDENTIAL SERVICES, LLC**, | ) ) **JURY DEMAND ENDORSED HEREON** ) |
| Defendant. | ) ) |

Plaintiff Brandy Chase ("Representative Plaintiff") for her Collective and Class Action Complaint against Defendant ViaQuest Residential Services, LLC ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Acc ("FLSA"), 29 U.S.C. §§ 201-209 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code § 4111.03

2. Representative Plaintiff brings this case as a collective action on behalf of herself and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and on behalf of other similarly situated persons who have factually related claims under the OMFWSA.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

**PARTIES**

7. Representative Plaintiff resides in Ohio. She worked as a direct support professional ("DSP") for Defendant from December 2021 to March 2022. Representative Plaintiff's written consent to join form is attached as **Exhibit A**.

8. Defendant ViaQuest Residential Services, LLC is an Ohio limited liability company that conducts business in Ohio. Defendant's principal place of business is located in this District and Division. Defendant can be served through its statutory agent: CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

9. Defendant provides various health services, including but not limited to in-home care services. Defendant provides its services in Ohio, Pennsylvania and Indiana.

**FACTUAL ALLEGATIONS**

10. At all times relevant, Defendant was an "employer" within the meaning of the FLSA and the OMFWSA.

11. At all relevant times, Representative Plaintiff and those similarly situated were "employees" of Defendant within the meaning of the FLSA and the OMFWSA.

12. At all relevant times, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Defendant employed Representative Plaintiff and those similarly situated as hourly, non-exempt DSPs.

14. At all relevant times, Representative Plaintiff and those similarly situated worked 40 or more hours in one or more workweeks.

15. During their employment, Defendant's DSPs would routinely provide care and support to more than one of Defendant's clients in one day. Most times, those clients lived at different locations. Thus, Defendant's DSPs would frequently engage in job-to-job travel during their workdays.

16. The time spent traveling from job to job constitutes compensable "hours worked" under the FLSA and the OMFWSA.

17. Defendant did not pay its DSPs for their job-to-job travel nor did Defendant count as hours worked the time its DSPs spent traveling to and from job to job.

18. As hourly non-exempt employees, Defendant's DSPs were entitled to be paid overtime compensation equal to one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.

19. Because Defendant did not pay its DSPs, including Representative Plaintiff, for time spent engaging in job-to-job travel or count that time as hours worked, Defendant failed to

pay DSPs all of their overtime compensation when those DSPs worked 40 or more hours, including job-to-job travel time, in a workweek.

20. Defendant knew, or showed reckless disregard for whether, its DSPs were entitled to be paid for their job-to-job travel.

21. Defendant failed to make, keep and preserve records of all hours the worked by Representative Plaintiff and other similarly situated employees, as required by the FLSA and Ohio law. To the extent accurate records were not kept, Representative Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

## COLLECTIVE ACTION ALLEGATIONS

22. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. Representative Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former non-exempt direct support professionals employed by Defendant who worked at more than one location in the same workday and who worked 40 or more hours in the same workweek from the 3 years preceding the filing of this Complaint through final disposition of this action ("FLSA Collective").**

24. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, and all were subjected to and injured by Defendant's unlawful practices of failing to pay them all overtime hours worked.

25. The FLSA Collective members have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

26. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

## **OHIO RULE 23 CLASS ACTION ALLEGATIONS**

27. Representative Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and the following class:

> **All present and former non-exempt hourly direct support professionals employed by Defendant in Ohio who worked at more than one location in the same workday and who worked 40 or more hours in the same workweek from the 2 years preceding the filing of this Complaint through final disposition of this action ("Ohio Class").**

28. The Ohio Class is so numerous that joinder of all class members is impracticable.

29. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay them their job-to-job travel, whether such unpaid hours resulted in unpaid overtime, and whether such overtime remains unpaid.

30. Representative Plaintiff's claims are typical of the those of the Ohio Class members.

31. Representative Plaintiff will adequately protect the interests of the Ohio Class members. Representative Plaintiff's interests are not antagonistic to, but rather, are in unison with, the interests of the Ohio Class members. Representative Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

32. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common and typical to each class as a whole and predominate over any questions affecting only individual class members.

33. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys'

fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Violations of the FLSA)

34. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and on behalf of the FLSA Collective.

36. At all relevant times, Representative Plaintiff and the FLSA Collective members were "employees" of Defendant within the meaning of the FLSA.

37. At all relevant times, Defendant was an "employer" within the meaning of the FLSA.

38. At all relevant times, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

39. At all relevant times, Defendant employed Representative Plaintiff and the FLSA Collective members as hourly, non-exempt employees.

40. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

41. Defendant has a companywide policy of not paying the Representative Plaintiff and the FLSA Collective members for compensable work, such as job-to-job travel, which resulted in

the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

42. Defendant knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

43. Section 16(b) of the FLSA entitles Representative Plaintiff and those similarly situated to an award of unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fee, and costs.

44. As a result of Defendant's practices, Representative Plaintiff and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Class Violations)

45. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Representative Plaintiff brings this claim for violation of the OMFWSA's overtime provisions on behalf of herself and on behalf of the Ohio Class.

47. At all relevant times, Representative Plaintiff and the Ohio Class members were "employees" of Defendant within the meaning of the OMFWSA.

48. At all relevant times, Defendant was an "employer" within the meaning of the OMFWSA.

49. At all relevant times, Defendant employed Representative Plaintiff and the Ohio Class members as hourly, non-exempt employees.

50. The OMFWSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

51. Defendant has a companywide policy of not paying the Representative Plaintiff and the Ohio Class members for compensable work, such as job-to-job travel, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

52. Defendant knew or should have known that their conduct described herein violated the law.

53. As a result of Defendant's practices, Representative Plaintiff and the Ohio Class members have been harmed in that they have not overtime received wages due to them pursuant to the OMFWSA.

54. Pursuant to Ohio law, Representative Plaintiff and the Ohio Class members are entitled to their unpaid overtime compensation, attorneys' fees and costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Representative Plaintiff, individually and on behalf of other members of the class/collective, seek the following relief:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Representative Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Representative Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award Representative Plaintiff her costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
7034 Braucher St. N.W., Suite B
North Canton, OH 44720
Telephone:   (330) 470-4428
Facsimile:   (330) 754-1430
Email: sdraher@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
1360 East 9th Street
Suite 808
Cleveland, OH 44114
Telephone:   (216) 230-2944
Facsimile:   (330) 754-1430
E-mail: jmoyle@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

*/s/ Shannon M. Draher*
*Counsel for Representative Plaintiff*
