**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRANDY CHASE, on behalf of herself and others similarly situated,** ) | Case No. 2:22-cv-1974-MHW-CMV |
| ) | |
| ) | Judge Michael H. Watson |
| Plaintiff, ) | |
| ) | Magistrate Judge Chelsey M. Vascura |
| v. ) | |
| ) | **JOINT MOTION FOR APPROVAL OF** |
| **VIAQUEST RESIDENTIAL SERVICES,** ) | **FLSA COLLECTIVE ACTION** |
| **LLC,** ) | **SETTLEMENT** |
| ) | |
| Defendant. ) | |

Representative Plaintiff Brandy Chase ("Representative Plaintiff" or "Plaintiff") and Defendant ViaQuest Residential Services, LLC ("Defendant") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") collective action settlement, which was reached by experienced wage and hour counsel with the assistance of a mediator.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Settlement Agreement and Release and exhibits (the "Agreement");

**Exhibit 2**: Declaration of Shannon M. Draher; and

**Exhibit 3**: Proposed Order Granting Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice.

For the reasons set forth in the attached Memorandum in Support, the Parties respectfully request that this Honorable Court approve the FLSA settlement reached by the Parties and dismiss this case with prejudice.

Respectfully Submitted,

**NILGES DRAHER LLC**

*/s/Shannon M. Draher*
Shannon M. Draher (0074304)
7034 Braucher St. N.W., Suite B
North Canton, OH 44720
Telephone:      (330) 470-4428
Facsimile:      (330) 754-1430
Email:          sdraher@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
1360 East 9th Street
Suite 808
Cleveland, OH 44114
Telephone:      (216) 230-2944
Facsimile:      (330) 754-1430
E-mail:         jmoyle@ohlaborlaw.com

*Counsel for Representative Plaintiff*

**DINSMORE & SHOHL LLP**

/s/ *Jason W. Hilliard* (with permission)
Jason W. Hilliard (0082688)
Michael B. Mattingly (008947)
Louise M. Griffin (0095724)
225 East Fifth St, Suite 1900
Cincinnati, OH 45202
Telephone:      (513) 977-8200
Facsimile:      (513) 977-8141
Email:          jason.hilliard@dinsmore.com
                michael.mattingly@dinsmore.com
                louise.griffin@dinsmore.com

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRANDY CHASE, on behalf of herself and others similarly situated,** | ) ) ) | Case No. 2:22-cv-1974-MHW-CMV |
| Plaintiff, | ) ) | Judge Michael H. Watson |
| v. | ) ) ) | Magistrate Judge Chelsey M. Vascura |
| **VIAQUEST RESIDENTIAL SERVICES, LLC,** | ) ) ) | **MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION** |
| Defendant. | ) | **SETTLEMENT** |

## I.     FACTUAL AND PROCEDURAL BACKGROUND.

On April 18, 2022, Representative Plaintiff filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and class action under Ohio Rev. Code § 4111.03. (ECF No. 1). Representative Plaintiff alleged that Defendant violated the FLSA and Ohio law by failing to pay its Direct Support Professionals ("DSPs") for their job-to-job travel in the same workday. (*Id.*). On May 23, 2022, Defendant filed its answer to Representative Plaintiff's Complaint, in which it denied the material allegations in the Complaint, denied that it violated the law, and denied that class or collective treatment in this case was proper. (ECF No. 8).

On August 12, 2022, the Parties filed a Joint Motion to Stay Pending Mediation. (ECF No. 15). The Court granted the Parties' Joint Motion on August 15, 2022. (ECF No. 16). Defendant produced the time and payroll records for the Eligible Settlement Participants (as that term is defined in the Agreement). Plaintiff's Counsel engaged a Employstats to create a damages model, using data produced by Defendant. (Draher Dec. ¶ 10).

The Parties mediated this matter on December 12, 2022, with Peggy Foley-Jones. Although the Parties did not reach a settlement at the mediation, they continued to engage in settlement negotiations. The Parties reached an agreement a few weeks later. (Draher Dec. ¶¶ 10-11). The material terms of that agreement are discussed below.

Prior to the mediation, Plaintiff's Counsel performed an expected value ("EV") calculation. Essentially, the EV is calculated by summing the product of the probabilities of winning at each stage of the litigation and the expected outcome of success and the product of the probabilities of losing at each stage and zero. That is, EV = (probability of win X expected damages) + (probability of loss X $0). The EV was calculated and visualized using the decision tree software TreeAge Pro$^{©}$ (*Id.* at ¶ 12).

## II.  SUMMARY OF MATERIAL SETTLEMENT TERMS.

The settlement includes the Eligible Settlement Participants identified in Exhibit A of the Agreement, which consist of all DSPs for whom wage and hour data was provided to Plaintiff's counsel in advance of the mediation of this matter and, based on the allegations in Plaintiff's Complaint, have potential overtime claims under the Fair Labor Standards Act ("FLSA") based on, among other things, (i) hours worked; (ii) travel to multiple locations in the same workday; and (iii) travel compensation. (*Id.* at ¶ 13).

The total settlement amount is **$195,000.00**. This amount includes: (1) all Individual Settlement Payments to the Eligible Settlement Participants that become Qualified Claimants (as that term is defined in the Agreement); (2) Service Award to Representative Plaintiff; and (3) Plaintiff's Counsel's Attorneys' Fees and Costs. The total settlement amount does not include Defendant's share of the payroll taxes for payments made as W-2 wages under the terms of the Agreement or the Settlement Administrator Costs. The total settlement amount represents 84% of the alleged unpaid overtime and exceeds the EV. (*Id.* at ¶¶ 11-12, 14).

2

A Notice of Settlement will be sent to the Eligible Settlement Participants, along with a Claim Form to join the settlement.  Those who join the Settlement will become Qualified Claimants and will receive Individual Settlement Payments, as outlined in the Agreement.  (*Id.* at ¶ 15).

After deducting the Service Award and the Attorneys' Fees and Costs, the remaining total settlement amount will be distributed to the Qualified Claimants according to his or her *pro rata* share of the net total settlement amount based on the amount of estimated alleged unpaid overtime owed to the Eligible Settlement Participant as calculated in Plaintiff's Counsel's damages model.  The settlement provides for a minimum payment of $25.00. (*Id.* at ¶ 16).

The settlement provides for a $3,500 Service Award to Representative Plaintiff in recognition of, and in consideration for, her substantial assistance rendered to Plaintiff's Counsel and in pursuing the rights of all Eligible Settlement Members, as well as consideration for the General Release. The settlement also provides for the payment of attorneys' fees to Plaintiff's Counsel in the amount of one-third of the total settlement amount and reimbursement of Plaintiff's Counsel's costs and expenses.  (*Id.* at ¶¶ 17, 18).

## III.  <u>PROPRIETY OF APPROVAL OF THE SETTLEMENT.</u>

The court presiding over the settlement of an FLSA collective action may approve a proposed settlement if it finds that the settlement is "fair, reasonable, and adequate."  *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *11 (S.D. Ohio Sep. 25, 2020) (citing *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). A district court looks to seven factors in determining whether a class action settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Id.* "While these factors are helpful in guiding the analysis, the 'fairness of each settlement turns in large part on the bona fides of the parties' legal dispute,' that is, whether there are real issues and risks in the case that would lead each party to opt toward settlement." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *5 (N.D. Ohio Mar. 26, 2019) (quoting *UAW*, 497 F.3d at 631). Application of these principles to this settlement demonstrates that approval is warranted.

### 1.     No Indicia of Fraud or Collusion Exists

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Satterly*, 2020 U.S. Dist. LEXIS 210868, at *14. Here, the settlement was reached with the assistance of an independent mediator, and "[t]he participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties." *Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007). The settlement was reached after each Party had the opportunity to evaluate Defendant's time and payroll data to determine the potential damages at issue if this case were to continue. As such, because there is no indicia of fraud or collusion, this factor favors approval of the settlement.

### 2.     The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted). Moreover, the Parties disagree over the merits of Plaintiff's claims,

including, whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, and whether Plaintiff and the class/collective would be entitled to liquidated damages if they were to prevail on the merits.

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants promptly and efficiently, and amplifies the benefits of that relief through the economies of class/collective resolution. (Draher Dec. ¶ 20).

### 3.     Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the settlement. Defendant produced timekeeping and payroll records, and Plaintiff engaged Employstats to review those records and create a damages model.  (*Id.* at ¶ 11).  As such, both of the Parties were able to perform a detailed analysis of the risks and possible outcomes of this case and the potential damages should Plaintiff prevail on her claims, which allowed the Parties to negotiate a settlement based on facts and data.

Furthermore, as outlined above, before the mediation Plaintiff's Counsel used decision tree software called TreeAge Pro© to calculate an expected value by compounding multiple points of potential risk and applying those values to the damages model.  This exercise allowed the Parties to fully appreciate the entire risk picture collectively. Additionally, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.  (*Id.* at ¶ 12).

### 4.     The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises defenses to Plaintiff's claims, and the outcome of

those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that settlement participants would receive no compensation or, if they do receive compensation, it will be after protracted litigation, likely also involving appeals. By settling the case at this relatively early stage of the litigation, the Parties bypass the inherent risks of litigation and achieve finality on this matter. This factor favors approval of the settlement. *Satterly*, 2020 U.S. Dist. LEXIS 210868, at \*18 ("the settlement provides relief to the settlement class members and eliminates the risks that the Parties would otherwise bear if the litigation were to continue on for years, which favors this factor").

### 5. Class Counsel and the Class Representative Favor Approval

The Parties' Counsel are experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented their clients' best interests in reaching the settlement. Representative Plaintiff's Counsel supports the settlement as fair and reasonable, and in the best interest of Plaintiff and the class as a whole, as described in the Declaration of Shannon M. Draher. (Draher Dec. ¶¶¶). "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at \*11 (S.D. Ohio Aug. 17, 2018). Accordingly, this factor favors approval of the settlement.

### 6. The Reaction of Absent Class Members

If the Court approves the settlement, Eligible Settlement Participants will receive a Notice of Collective Action Settlement and Claim and Release Form and have the option to join the settlement. Only those Eligible Settlement Participants that join the settlement will be bound by the Agreement. Those that do not join the settlement will retain the right to pursue their own claims. Thus, if an absent class member objects to the settlement, he or she can simply choose not to participate

### 7. The Public Interest

As the Sixth Circuit recently noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Here, rather than face the risk and uncertainty of continued litigation, the settlement confers immediate benefits on the settlement participants, avoids the risks and expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *18 (S.D. Ohio Sep. 9, 2016) (citation omitted). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for Plaintiff and the Eligible Settlement Participants.

### 1. The Individual Payments Are Reasonable and Adequate

The settlement compensates Eligible Settlement Participants for alleged unpaid overtime wages according to his or her *pro rata* share of the net total settlement amount based on the amount of estimated alleged unpaid overtime owed to the Eligible Settlement Participant as calculated in Plaintiff's Counsel's damages model. (Draher Dec. ¶¶ 16, 27). As such, each Eligible Settlement Participant can obtain compensation for alleged unpaid wages that are proportional to the amount of their alleged damages, as well as those suffered by the class as a whole. "This ensures an equitable distribution of settlement proceeds that is directly tied to the claims of and harm allegedly

suffered by the settlement class members and will provide them with a proportionate share of the settlement funds." *Satterly*, 2020 U.S. Dist. LEXIS 210868 at *22. Plaintiff's Counsel has submitted a sworn declaration that the total settlement amount represents 84% of the total unpaid travel time according to Plaintiff's damages model and exceeds Plaintiff's Counsel's EV calculation.

As this Court recently noted, courts have held that a recovery of 42% of alleged overtime damages is an "excellent result." *See Ransom v. Burrows Paper Corp.*, No. 2:20-cv-3824, 2022 U.S. Dist. LEXIS 10638, at *4 (S.D. Ohio Jan. 18, 2022) (citing cases). Thus, a recovery of 84% of alleged overtime damages is a substantial recovery and supports the finding that the individual payments are reasonable and adequate.

### 2. Representative Plaintiff's Service Award Is Proper and Reasonable

The settlement provides for a service award of $3,500 to Representative Plaintiff, in addition to her individual settlement payment. Courts routinely approve service awards to representative plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Thus, service awards are "routinely approved for the simple reason to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *24 (S.D. Ohio Sep. 25, 2020) (citation omitted).

Here, Representative Plaintiff contributed significant time, effort, and detailed factual information enabling her Counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Counsel's opinion, fairly and adequately compensates the class for alleged

unpaid wages. As such, the time and efforts Representative Plaintiff provided supports the requested service payment.

### 3. The Attorney Fees to Representative Plaintiff's Counsel Are Proper and Reasonable

After the Court has confirmed that the terms of settlement are fair to the Eligible Settlement Participants, it may review the Parties' agreement as to the provision of fees and costs to Plaintiff's Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

Here, Plaintiff is requesting that the Court approve reasonable attorneys' fees of $65,000, which represents one-third of the settlement fund. "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly*, 2020 U.S. Dist. LEXIS 210868 at *28 (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share…." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010).

This conclusion was recently reiterated in *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (N.D. Ohio Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The Court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Courts, including this one, regularly hold that one-third of the settlement fund is a "reasonable, typical percentage of the fund for attorneys' fees." *Ransom v. Burrows Paper Corp.*, No. 2:20-cv-3824, 2022 U.S. Dist. LEXIS 10638, at *5 (S.D. Ohio Jan. 18, 2022); *see also Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, *13 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 U.S. Dist. LEXIS 228221 (N.D. Ohio July 27, 2018)); *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, *15 (S.D. Ohio Dec. 3, 2019) (approving an award of 33 1/3% of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, No. 2:18-cv-00696, 2019 U.S. Dist. LEXIS 181325, *12 (S.D. Ohio Oct. 21, 2019) (same); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, *16 (N.D. Ohio Mar. 26, 2019) (same); *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, *21 (S.D. Ohio Aug. 17,

2018) (same); *Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, *6 (N.D. Ohio May 4, 2018) (same); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, *22 (N.D. Ohio June 15, 2010) (same).

Furthermore, Plaintiff's Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. (Draher Dec. ¶ 28). Thus, Plaintiff's Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (S.D. Ohio Dec. 3, 2019).

Finally, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *10 (S.D. Ohio Nov. 25, 2019). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiff's Counsel for their prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

### 4. The Court Should Authorize Reimbursement to Representative Plaintiff's Counsel of Their Out-of-Pocket Expenses Incurred In This Case

Plaintiff's Counsel should also be reimbursed their out-of-pocket expenses and costs. "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining

settlement." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *20 (S.D. Ohio Nov. 25, 2019). In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.*

In the prosecution of this case, Plaintiff's Counsel incurred out-of-pocket costs of $3,818.51. (Draher Dec.¶ 18).  Because these costs and expenses are reasonable and were incurred in the prosecution of Plaintiff's claims, the Court should award Plaintiff's Counsel reimbursement of these costs and expenses from the settlement fund and approve payment from the fund for settlement administration costs.

## IV.    CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal With Prejudice; (2) approve Plaintiff's Counsel's request for attorney fees and expenses; (3) approve the requested service payment; and (4) retain jurisdiction to enforce the settlement if necessary.

Respectfully Submitted,

**NILGES DRAHER LLC**

*/s/Shannon M. Draher*
Shannon M. Draher (0074304)
7034 Braucher St. N.W., Suite B
North Canton, OH 44720
Telephone:     (330) 470-4428
Facsimile:     (330) 754-1430
Email:          sdraher@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
1360 East 9th Street
Suite 808
Cleveland, OH 44114
Telephone:     (216) 230-2944
Facsimile:     (330) 754-1430
E-mail:          jmoyle@ohlaborlaw.com

*Counsel for Representative Plaintiff*

**DINSMORE & SHOHL LLP**

*/s/ Jason W. Hilliard* (with permission)
Jason W. Hilliard (0082688)
Michael B. Mattingly (008947)
Louise M. Griffin (0095724)
225 East Fifth St, Suite 1900
Cincinnati, OH 45202
Telephone:     (513) 977-8200
Facsimile:     (513) 977-8141
Email:          jason.hilliard@dinsmore.com
                michael.mattingly@dinsmore.com
                louise.griffin@dinsmore.com

*Counsel for Defendant*