UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brandy Chase,

    Plaintiff,

    v.

ViaQuest Residential Services, LLC,

    Defendant.

Case No. 2:22-cv-1974

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiff sues Defendant for violations of the Fair Labor Standards Act ("FLSA") and for violations of state wage laws. Compl., ECF No. 1. The Parties have settled Plaintiff's FLSA claims and seek approval of that settlement on a collective basis. Mot., ECF No. 26. For the following reasons, the motion is **CONDITIONALLY GRANTED**.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule

of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3 (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorney's fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

Upon thorough review, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case. Plaintiff worked as a Direct Support Professional ("DSP") while employed by Defendant and alleges that, as such, she traveled from client to client during the workday. She alleges Defendant violated the FLSA by not paying DSPs for their travel and by not including the time spent traveling between clients as hours worked, which

resulted in unpaid overtime. Compl. ¶¶ 16–17, ECF No. 1. Defendant denied virtually every aspect of Plaintiff's Complaint. Answer, ECF No. 8.

Further, there is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. Shortly after Defendant filed its Answer in this case, it produced time and payroll records for about 2,650 employees, and Plaintiff used that discovery to create a damages model and an expected value calculation. Then, the parties participated in mediation before former Cuyahoga County Judge Peggy Foley Jones. Although that mediation failed, the Parties continued negotiations and reached a settlement a few weeks later.

The settlement will avoid expensive litigation for both sides, including possible class and collective certification motions, formal discovery, dispositive motions, trial, and possible appeals.

The recovery in this case is high. The total settlement amount is $195,000, which represents 84% of the alleged unpaid overtime wages. The settlement amount exceeds Plaintiff's counsel's calculated expected value. Moreover, the settlement amount does not include costs for administering the settlement, which costs—up to $10,000—will be paid separately by Defendant. Each putative collective members' payment has been calculated by counsel based on the wage and hour data provided during informal discovery, and each putative collective member would receive a *pro rata*, proportional share of the settlement based on that data. The precalculated payment will be provided to

the putative member in the Notice, so that member can determine whether to opt into the settlement.

Further, the payment to Plaintiff's attorney is reasonable. Here, the attorney's fees constitute one third of the settlement amount plus reimbursement of costs and expenses. Adding to the reasonableness of this amount is the fact that counsel agreed to take the case on a contingent basis.

The Parties' joint motion is **CONDITIONALLY GRANTED**, subject to the Parties' adoption of the below edits. The Settlement Agreement is **APPROVED** with the following edits:

1. In ¶ III(B) of the Settlement Agreement, the sentence "the Gross Fund shall be all that Defendant shall pay to . . . Eligible Settlement Participants . . ." shall be revised to read "the Gross Fund shall be all that Defendant shall pay to . . . Qualified Claimants . . ." because Eligible Settlement Participants who fail to opt in retain their rights to sue Defendant in the future.

2. The Parties shall revise page two of the Notice form so that the box corresponding to "Do Not Return The Consent Form" includes a notice that individuals who do not return the consent form will not release their federal or state wage and hour claims, but the statute of limitations on those claims will continue to run.

3. The Notice references the Settlement Agreement. The Parties shall make the Settlement Agreement available to Eligible Settlement Participants to review prior to deciding whether to opt in.

The Parties shall notify the Court whether they accept these edits. If they do, they may send the Notice and Consent Forms without further approval from the Court. If they do not, they shall propose next steps.

In the event counsel accept the Court's edits, and the settlement process continues, Plaintiff's counsel shall file redacted versions of the Consent Forms on the docket after the opt-in period closes.  See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party *and such consent is filed in the court in which such action is brought.*") (emphasis added).  At that point, the Court will dismiss this case with prejudice but will retain jurisdiction to enforce the Settlement Agreement.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**